UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/5/2024
```

UNITED STATES OF AMERICA,

                                -v-

CRISTIAN MARINO-CASTRO,

                                        Defendant.

20-cr-157-4 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, District Judge:

Defendant Cristian Marino-Castro moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release.  Dkt. No. 112.

On June 7, 2023, the Court sentenced Mr. Marino-Castro to an aggregate term of 252 months' imprisonment following his guilty plea to a two-count superseding information charging him with conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951 and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) .  Dkt. No. 94.  The Court varied from the Guidelines range of 292 to 300 months. Dkt. No. 101 at 28.  In doing so, the Court took into account Mr. Marino-Castro's efforts to better himself and the distress he had experienced in his youth, but still found that the lengthy sentence was appropriate and no greater than necessary to serve the purposes of sentencing in light of the gravity of Mr. Marino-Castro's crime and the danger he presented to society: Mr. Marino-Castro committed what under state law would be considered to be a felony murder by engaging in an armed robbery that resulted in the death of an occupant of the apartment he burgled and then, well after that crime, in March 2022, possessed a firearm, fentanyl, cocaine and ten kilograms of marijuana.  *Id.* at 32–33.

Section 3582(c)(1)(A)(i) of Title 18 of the United States Code provides that a district court:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of [a defendant's] imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). Before reducing a defendant's sentence, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A). "In evaluating compassionate-release motions, 'courts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.'" *United States v. Harper*, 2022 WL 599037, at *1 (2d Cir. Mar. 1, 2022) (summary order) (quoting *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) (summary order) and citing *United States v. Kantor*, 853 F. App'x 723, 726–27 (2d Cir. 2021) (summary order)).

Mr. Marino-Castro "has not demonstrated that he exhausted administrative remedies," *United States v. Walters*, 2020 WL 6157008, at *2 (S.D.N.Y. Oct. 21, 2020), articulated any reason he should be excused from that obligation, *see United States v. Guzzone*, 2021 WL 5417436, at *1 (S.D.N.Y. Nov. 18. 2021), or established extraordinary or compelling reasons for a sentence reduction, *see United States v. Wallace*, 2020 WL 4692789, at *5 (E.D.N.Y. Aug. 13, 2020). In addition, a reduction on this record would not be consistent with the purposes of the original sentence. Mr. Marino-Castro committed a particularly serious crime and, to date, has not yet demonstrated that he can be released without there being a danger to the community. *See United States v. Needham*, 2023 WL 2172382, at *2 (2d Cir. Feb. 23, 2023) (summary order)

(affirming a denial of a compassionate release motion in light of "the seriousness of [defendant's] offense and the need to protect the public").

In his motion, Mr. Marino-Castro references Section 851 of Title 21. Dkt. No. 112 at 3. That provision addresses an increase in punishment by reason of one or more prior convictions. 21 U.S.C. § 851. But the Court did not take into account any prior convictions of Mr. Marino-Castro in imposing the sentence. To the contrary, the Court agreed with the Probation Department that Mr. Marino-Castro had zero criminal history points and was in criminal history category I. Dkt. No. 88 ¶ 46 (pre-sentence report); Dkt. No. 101 at 32 ("I recognize that you are in criminal history category I and that you have no prior convictions."). Accordingly, Section 851 simply "has no application" to Mr. Marino-Castro. *United States v. Stovall*, 2000 WL 34236010, at *1 (W.D. Wis. Sept. 25, 2000).

The motion for compassionate release at Dkt. No. 112 is therefore DENIED. This denial is without prejudice.

The Clerk of Court is respectfully directed to close Dkt. No. 112.


SO ORDERED.

_____
LEWIS J. LIMAN
United States District Judge

Dated: August 5, 2024
      New York, New York